UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| UA INVESTMENTS LLC, | : | CASE NO. 21-57429 - SMS |
| | : | |
| DEBTOR. | : | |
| | : | |
| MARY IDA TOWNSON, | : | |
| UNITED STATES TRUSTEE, | : | |
| | : | |
| MOVANT, | : | |
| | : | |
| v. | : | CONTESTED MATTER |
| | : | |
| UA INVESTMENTS LLC, | : | |
| | : | |
| RESPONDENT. | : | |

**NOTICE OF HEARING ON UNITED STATES TRUSTEE'S MOTION TO DISMISS CASE WITH MINIMUM ONE-YEAR BAR TO REFILING OR, IN THE ALTERNATIVE, TO CONVERT CASE**

**PLEASE TAKE NOTICE** that the United States Trustee has filed a motion requesting that the above-referenced case be dismissed with a minimum one-year bar to refiling or, in the alternative, converted to chapter 7.

**PLEASE TAKE FURTHER NOTICE** that the Court will hold an initial telephonic hearing for announcements on the United States Trustee's motion at the following number: toll-free number **833-568-8864, meeting ID 161 179 4270, at 10:15 a.m.** on **December 15, 2021**, in Courtroom 1201, United States Courthouse, 75 Ted Turner Drive, S.W., Atlanta, Georgia 30303.

Matters that need to be heard further by the Court may be heard by telephone, by video conference, or in person, either on the date set forth above or on some other day, all as determined by the Court in connection with this initial telephonic hearing. Please review the "Hearing

Information" tab on the judge's webpage, which can be found under the "Dial-in and Virtual Bankruptcy Hearing Information" link at the top of the webpage for this Court, www.ganb.uscourts.gov for more information.

Your rights may be affected by the court's ruling on this motion. You should read this motion carefully and discuss it with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the court to grant the relief sought in this motion or if you want the court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the motion with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two business days before the hearing. The address of the Clerk's Office is: Clerk, U.S. Bankruptcy Court, Suite 1340, 75 Ted Turner Drive, SW, Atlanta, GA 30303. You must also mail a copy of your response to the undersigned at the address stated below.

Dated: November 2, 2021

MARY IDA TOWNSON
UNITED STATES TRUSTEE
REGION 21

By:  /s/
Lindsay P. S. Kolba
Georgia Bar No. 541621
United States Department of Justice
Office of the United States Trustee
362 Richard Russell Building
75 Ted Turner Drive SW
Atlanta, Georgia 30303
(202) 360-7746
lindsay.p.kolba@usdoj.gov

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| UA INVESTMENTS LLC, | : | CASE NO. 21-57429 - SMS |
| DEBTOR. | : | |
| MARY IDA TOWNSON,<br>UNITED STATES TRUSTEE, | : | |
| MOVANT, | : | |
| v. | : | CONTESTED MATTER |
| UA INVESTMENTS LLC, | : | |
| RESPONDENT. | : | |

**UNITED STATES TRUSTEE'S MOTION TO DISMISS CASE WITH MINIMUM ONE-YEAR BAR TO REFILING OR, IN THE ALTERNATIVE, TO CONVERT CASE**

Mary Ida Townson, United States Trustee for Region 21, in furtherance of her administrative responsibilities imposed pursuant to 28 U.S.C. § 586(a) and 11 U.S.C. § 1112(b), files this Motion to Dismiss or Convert Case and in support therefor states as follows:

**I.    COURSE OF PROCEEDINGS AND STATEMENT OF FACTS**

1. The Court has jurisdiction of this matter under 28 U.S.C. §1334(a) and (b), 28 U.S.C. §157(a) and (b)(1). This is a core proceeding under 28 U.S.C. §157(b)(2)(A) and (B).

2. UA Investments LLC (the "Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 101 et seq., on October 4, 2021.

3. The Petition, Schedules, and Statement of Financial Affairs were signed by Mohammad M. Gaffar as Manager of Debtor.

4. On its Petition, Debtor indicated it is a Single Asset Real Estate entity, as defined by 11 U.S.C. § 101(51B).

5. In the Petition, Debtor disclosed it was a previously a chapter 11 debtor in bankruptcy case number 20-68667-sms in the Northern District of Georgia (the "First Bankruptcy Case") and bankruptcy case number 21-53437-sms in the Northern District of Georgia (the "Second Bankruptcy Case", and together with the First Bankruptcy Case, the "Prior Bankruptcy Cases").

**The First Bankruptcy Case**

6. Debtor commenced the First Bankruptcy Case on August 3, 2020 by filing a voluntary chapter 11 petition.

7. The filing of the First Bankruptcy Case stayed a foreclosure scheduled for August 4, 2020.

8. During the First Bankruptcy Case, Debtor was required to produce documents for an initial debtor interview, attend an initial debtor interview, attend a meeting of creditors, and otherwise comply with all requirements of chapter 11 debtors in the Northern District of Georgia.

9. At all times during the First Bankruptcy Case, attorney Eric Thorstenberg ("Mr. Thorstenberg") appeared on behalf of the Debtor.

10. Mr. Thorstenberg filed his application to be employed in the First Bankruptcy Case on August 19, 2020 (Doc. No. 14), and the Court approved Mr. Thorstenberg's employment on October 23, 2020 (Doc. No. 30).

11. On September 4, 2020, Aspen, LLC filed an Emergency Motion for Relief from the Automatic Stay and Motion to Dismiss (the "Motion to Dismiss") (Doc. No. 18).    In the Motion

- 2 -

to Dismiss, Aspen alleged Debtor failed to maintain insurance on its assets, engaged in the unauthorized use of cash collateral, failed to comply with a Court order, failed to provide documents requested by the United States Trustee, and grossly mismanaged its estate.

12. On October 23, 2020, the Court entered an order dismissing the First Bankruptcy Case due in part to Debtor's unauthorized use of cash collateral.

**The Second Bankruptcy Case**

13. Debtor commenced the Second Bankruptcy Case on May 1, 2021 by filing a voluntary chapter 11 petition.

14. The filing of the Second Bankruptcy Case stayed a foreclosure scheduled for May 4, 2021.

15. During the Second Bankruptcy Case, Debtor was required to produce documents for an initial debtor interview, attend an initial debtor interview, attend a meeting of creditors, and otherwise comply with all requirements of chapter 11 debtors in the Northern District of Georgia.

16. At all times during the Second Bankruptcy Case, attorney Eric Thorstenberg ("Mr. Thorstenberg") appeared on behalf of the Debtor.

17. Mr. Thorstenberg filed his application to be employed in the First Bankruptcy Case on August 19, 2020 (Doc. No. 14), and the Court approved Mr. Thorstenberg's employment on October 23, 2020 (Doc. No. 30).

18. On June 3, 2021, the United States Trustee filed a motion to dismiss the Second Bankruptcy Case due to Debtor's failure to provide documents required for the initial debtor interview, Debtor's failure to obtain authority to use cash collateral, and Debtor's inability to generate sufficient revenue to cover its monthly expenses.

19. On July 15, 2021, the Court entered an order granting the United States Trustee's Motion to Dismiss (Doc. No. 28).

**The Initial Debtor Interview**

20. On October 5, 2021, the United States Trustee sent an e-mail to Debtor's counsel scheduling the Initial Debtor Interview ("IDI") for October 20, 2021, and requesting general background information about Debtor and Debtor's expectations for its bankruptcy case.

21. The United States Trustee's October 5, 2021 e-mail also requested Debtor provide all documents necessary for the IDI no later than October 18, 2021.

22. At the Debtor's request, the United States Trustee rescheduled the IDI to October 25, 2021. The United States Trustee requested all documents necessary for the IDI be provided no later than October 21, 2021.

23. On October 25, 2021, the United States Trustee commenced the IDI but continued the IDI to November 2, 2021 due to Debtor's failure to provide necessary documents.

24. To date, Debtor has failed to produce all the documents and information requested for the IDI. Specifically, Debtor has failed to provide:

- Proof of insurance listing the United States Trustee as Certificate Holder
- Prepetition bank account statements for the period January 1, 2020, through June 30, 2021 for Wells Fargo accounts ending 340997 and 581121.
- Proof that pre-petition bank account Wells Fargo account ending 340997 has been closed.
- Check or transaction register/ledger for the period January 1, 2020, through September 30, 2021, accounting for source of all deposits and accounting for all disbursements and withdrawals.
- An amended rent roll identifying at a minimum: tenant, type of business, unit number, lease terms (start/end), monthly rent, security deposits, last payment, past due payments
- Copy of Lease Agreements for each tenant.

- 4 -

**Debtor's Real Property and Cash Collateral**

25. Debtor's primary asset is real property located at 1600 & 1608 Shorter Avenue, Rome, GA 30149 (the "Real Property").

26. The Real Property secures a debt owed to Palak Capital Investments, LLC ("Palak").

27. Upon information and belief, Palak has an interest in the rents Debtor collects, and Debtor's rental income constitutes cash collateral.

28. To date, Debtor has not filed a motion to approve its use of cash collateral.

29. On October 5, 2021, the Court entered an order granting Palak's motion to modify the automatic stay (the "Stay Relief Order") (Doc. No. 8).

30. The Stay Relief Order allowed Palak to cry a foreclosure sale of the Real Property and conditionally accept the high bid, under condition that Palak obtain further relief from the Court or this case being dismissed.

**Debtor's Proposed Counsel**

31. On October 7, 2021, Debtor filed an application to approve the employment of Mr. Thorstenberg as counsel to the bankruptcy estate (the "Application to Employ").

32. On October 19, 2021, the United States Trustee contacted Mr. Thorstenberg and advised that the Application to Employ needed to be amended because it failed to disclose all Mr. Thorstenberg's connections to the Debtor.

33. To date, Mr. Thorstenberg has not amended the Application to Employ, and the Court has not entered an order approving Mr. Thorstenberg's employment.

**II.     STATEMENT OF APPLICABLE STATUTES AND RULES**

34. Pursuant to 28 U.S.C. § 586(a)(3) and (4), the United States Trustee's duties include supervising the administration of chapter 11 cases and monitoring deposits or investments under section 345 of title 11. The United States Trustee files this request in furtherance of her duties and responsibilities pursuant to 28 U.S.C. § 586 and 11 U.S.C. § 307.

35. 11 U.S.C. § 1112(b), in pertinent part, provides as follows:

> [T]he court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause. . . .
>     (4) For purposes of this subsection, the term "cause" includes –
>         (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation; . . .
>         (D) unauthorized use of cash collateral substantially harmful to 1 or more creditors; . . .
>         (H) failure timely to provide information or attend meeting reasonably requested by the United States trustee (or the bankruptcy administrator, if any).

**III.    ARGUMENT**

**Continuing Loss to the Estate**

36. Upon information and belief, Debtor is not generating sufficient revenue to cover all of its monthly expenses, and Debtor's primary revenue-generating asset was foreclosed.

37. Where, as here, Debtor has no apparent ability to generate sufficient cash flow post-petition, the Court is authorized to find that Debtor is experiencing a "continuing loss to. . . the estate" within the meaning of 11 U.S.C. § 1112(b)(4)(A). *See In re Schriock Const., Inc.*, 167 B.R. 569, 575 (Bankr. D.N.D. 1994).

38. As used in 11 U.S.C. § 1112(b)(4)(A), the term "rehabilitation" means "[t]o put back in good condition; re-establish on a firm, sound basis" *In re Wright Air Lines*, 51 B.R. 96,

100 (Bankr. N.D. Ohio 1985). "The concept of rehabilitation necessarily hinges upon establishing a cash flow from which current obligations can be satisfied" *In re Schriock Const.*, 167 B.R. at 576.

39. Debtor's inability to generate sufficient cash flow to meet ongoing obligations, demonstrates a substantial and continuing loss to Debtor's estate as well as an absence of a reasonable likelihood of rehabilitation and constitutes cause to dismiss Debtor's case under 11 U.S.C. § 1112(b)(4)(A).

**Unauthorized Use of Cash Collateral**

40. To date, the Court has not entered an order granting Debtor the use of cash collateral.

41. Debtor's unauthorized use of cash collateral constitutes cause for dismissal or conversion of Debtor's case under 11 U.S.C. § 1112(b)(4)(D).

**Failure to Provide Documents for Initial Debtor Interview**

42. To date, Debtor has not provided complete responses to the United States Trustee's requests for documents and information issued in connection with the IDI.

43. Due to Debtor's failure to provide necessary documents and information, the United States Trustee was unable to conclude the Initial Debtor Interview.

44. Debtor's failure to provide documents required for the IDI constitutes cause for dismissal of Debtor's case under 11 U.S.C. § 1112(b)(4)(H).

WHEREFORE, the United States Trustee prays for (i) the entry of an order dismissing this case with a minimum one-year bar to refiling or, in the alternative, converting the case; and (ii) such further relief as the court deems appropriate.

Dated: November 2, 2021

MARY IDA TOWNSON
UNITED STATES TRUSTEE
REGION 21

By: _____/s/_____
Lindsay P. S. Kolba
Georgia Bar No. 541621
United States Department of Justice
Office of the United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, Georgia 30303
(202) 360-7746
lindsay.p.kolba@usdoj.gov

## CERTIFICATE OF SERVICE

This is to certify that I have on this day electronically filed the foregoing *Motion to Dismiss Case with Minimum One-Year Bar to Refiling or, in the Alternative, to Convert Case and Notice of Hearing* using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following party who has appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

Aaron R. Anglin    aanglin@joneswalden.com, jwdistribution@joneswalden.com, ljones@joneswalden.com
Eric E. Thorstenberg   ethorstenberglaw@gmail.com, eetesq@gmail.com

I further certify that on this day, I caused a copy of this document to be served via United States First Class Mail, with adequate postage prepaid on the following parties at the address shown for each.

ALL PARTIES ON ATTACHED MATRIX

_____/s/_____
Lindsay P. S. Kolba

- 8 -

```
Label Matrix for local noticing        All Star Innovations LLC              All Star Innovations, LLC
113E-1                                 c/o Melissa Dillon Esq                c/o Douglas Silver, Reg. Agt.
Case 21-57429-sms                      5 Concourse Pkwy Ste 2600             1243 Verdon Dr
Northern District of Georgia           Atlanta, GA  30328-6104               Dunwoody, GA  30338-3222
Atlanta
Tue Nov  2 11:11:23 EDT 2021

Aaron R. Anglin                        Blount Construction Co.               Blount Construction Co., Inc.
Jones & Walden, LLC                    c/o Wasson Sours Harris               c/o Robert Cathcart Reg Agt
699 Piedmont Ave NE                    300 Galleria Pkwy SE Ste 1000         1730 Sands Pl SE
Atlanta, GA 30308-1400                 Atlanta, GA  30339-5950               Marietta, GA  30067-9214


Floyd County Tax Assessor              I.R.S. Insolvency Unit                I.R.S. Special Procedures Sect.
4 Government Plz Ste 203               PO Box 7346                           401 W Peachtree St NE Stop 335-D
Rome, GA  30161-2803                   Philadelphia, PA  19101-7346          Atlanta, GA  30308-3510


Internal Revenue Service               Lindsay P. S. Kolba                   Palak Capital Investments LLC
P. O. Box 7346                         Office of the U.S. Trustee            c/o H. Dennis Panter Esq.
Philadelphia, PA 19101-7346            Suite 362                             1827 Powers Fy Rd # 10-300
                                       75 Ted Turner Drive, S.W.             Atlanta, GA 30339-5632
                                       Atlanta, GA 30303-3330

Palak Capital Investments, LLC         Palak Caspital Investments LLC        Pinson's Inc.
attn: Palak Bagga                      c/o Krishnan Co. PC, Reg. Agt         c/o James Pinson, Reg. Agt.
5553 Legends Dr                        746 Holcomb Bridge Rd                 PO Box 647
Braselton, GA  30517-4014              Norcross, GA  30071-1325              Rome, GA  30162-0647


Pinsons Inc.                           Secretary of the Treasury             Eric E. Thorstenberg
c/o F. Beacham                         15th & Pennsylvania Avenue, NW        Eric E. Thorstenberg, Attorney at Law,
PO Box 5007                            Washington, DC 20200                  Suite 101
Rome, GA  30162-5007                                                         333 Sandy Springs Circle
                                                                             Atlanta, GA 30328-3833

U. S. Securities and Exchange Commission   UA Investments LLC                United States Attorney
Office of Reorganization               311 Heritage Park Trce NW             Northern District of Georgia
Suite 900                              Kennesaw, GA 30144-4832               75 Ted Turner Drive SW, Suite 600
950 East Paces Ferry Road, NE                                                Atlanta GA 30303-3309
Atlanta, GA 30326-1382

United States Trustee
362 Richard Russell Federal Building
75 Ted Turner Drive, SW
Atlanta, GA 30303-3315
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)Palak Capital Investments LLC       End of Label Matrix
                                       Mailable recipients    21
                                       Bypassed recipients     1
                                       Total                  22
```